The Honorable René O. Oliveira Chair, Committee on Ways Means Texas House of Representatives Post Office Box 2910 Austin, Texas 78768-2910
Re: Whether the South Texas Water Authority may adopt an effective tax rate under the provisions of chapter 26 of the Tax Code (RQ-0815-GA)
Dear Representative Oliveira:
You ask whether the South Texas Water Authority ("STWA") may adopt its taxes pursuant to the provisions of sections 26.04,26.05, and 26.07 of the Tax Code.[1] You explain that the STWA currently calculates and adopts its effective tax rate pursuant to chapter 49 of the Water Code but would instead like to use these specific provisions within the Tax Code. Request Letter at 1-2. You suggest that the STWA enabling statute may allow it to do so. Id. at 2.
The STWA is a conservation and reclamation district created pursuant to article XVI, section 59 of the Texas Constitution. Act of May 24, 1979, 66th Leg., R.S., ch. 436, § 1, 1979 Tex. Gen. Laws 984, 984-85. "District" is defined for purposes of chapter 49 of the Water Code to include, with certain exceptions not relevant here, "any district or authority created by authority of . . . Section 59, Article XVI, Texas Constitution." TEX. WATER CODE ANN. § 49.001(a)(1) (Vernon 2008). Thus, STWA qualifies as a district, and it is subject to chapter 49 of the Water Code except to the extent that chapter 49 "directly conflicts] with a provision in any other chapter of [the Water Code] or any Act creating or affecting a special law district," whereupon "the specific provisions in such other chapter or Act shall control." Id. § 49.002(a).
Section 49.107 of the Water Code addresses operations and maintenance taxes levied by districts and certain procedures associated with the levy and collection of both operation and maintenance taxes and debt service taxes. Id. § 49.107(a). Specifically, subsection (g) of that section states that "[s]ections 26.04, 26.05, and 26.07, Tax Code, do not apply to a tax levied and collected under this section or an ad valorem tax levied and collected for the payment of the interest on and principal of bonds issued by a district." Id. § 49.107(g); but see id. § 49.236(d) *Page 2 
(incorporating procedures under Tax Code section 26.07(b)-(g) in certain circumstances).[2] Therefore, unless another provision of the Water Code or the act creating STWA directly conflicts with this provision, STWA may not utilize the procedures set forth in sections 26.04, 26.05, and 26.07 of the Tax Code when adopting its tax rate.
You indicate that the language in the act creating STWA may conflict with subsection 49.107(g) such that the provisions of the Tax Code may be used by STWA when adopting its tax rate. Request Letter at 1-2. In particular, you point to section 24 of the act creating STWA, which addresses taxation and states, "[t]he laws of this state applicable to general law cities and towns may be adopted and shall be used to the extent pertinent and practicable." Act of May 24, 1979, 66th Leg., R.S., ch. 436, § 24(c), 1979 Tex. Gen. Laws 984,996. Sections 26.04,26.05, and 26.07 of the Tax Code establish procedures to be utilized by certain taxing entities when calculating effective and rollback tax rates, adopting a tax rate, and holding a rollback election. The provisions are applicable to general law cities. As a result, you suggest that the language in section 24 is in direct conflict with subsection 49.107(g) of the Water Code and may trump the application of subsection 49.107(g) to STWA. Request Letter at 2.
We disagree that the language in the act creating STWA directly conflicts with subsection 49.107(g) such that STWA may utilize the procedures set forth in sections 26.04,26.05, and 26.07 of the Tax Code. Where possible, we are to construe language used in statutes so as to harmonize all relevant laws, not create conflicts. See La Sara Grain Co.v. First Nat 7 Bank of Mercedes, 673 S.W.2d 558, 565 (Tex. 1984). In creating STWA in 1979, the Legislature in general terms authorized it to adopt laws "applicable to general law cities" as well as laws "applicable to levy, assessment, and collection of county taxes . . . to the extentpertinent and practicable" Act of May 24, 1979, 66th Leg., R.S., ch. 436, § 24(cMd), 1979 Tex. Gen. Laws 996 (emphasis added). By its later enactment of subsection 49.107(g) and section 49.236, the Legislature established a separate set of procedures by which taxing entities that are defined as districts under section 49.001 of the Water Code set their tax rates. In adopting this separate set of procedures, the Legislature implicitly determined that it was not "pertinent and practicable" for districts like STWA to utilize Tax Code sections 26.04, 26.05, and 26.07. Section 24 of the act creating the STWA and Water Code *Page 3 
subsection 49.107(g) can be harmonized by construing subsection 49.107(g) to create a limited exception to the STWA's general ability to adopt laws applicable to general law cities and towns.[3]
The legislative history associated with the adoption of chapter 49 of the Water Code, and section 49.107(g) in particular, supports this construction. In 1995, sixteen years after the creation of STWA, the Legislature enacted chapter 49 of the Water Code to address the "lack of procedural uniformity between the different types of local water districts," recognizing that the procedural "inconsistencies [led] to confusion among citizens, district board members, and state agency personnel." SENATE COMM. ON NATURAL RESOURCES, BILL ANALYSIS, Tex. S.B. 626,74th Leg., R.S. (1995). It enacted section 49.107(g) to specifically provide that "certain procedures for calculating tax rates and levying taxes do not apply to any district's or authority's maintenance tax or taxes levied and collected for the payment of the interest on and principal of bonds issued by a district." SENATE COMM.ONNATURAL RESOURCES, BILL ANALYSIS, Tex. S.B. 1444,77th Leg., R.S. (2001) (emphasis added). Instead, the Legislature created a separate set of procedures and calculations for districts subject to chapter 49 to utilize in adopting tax rates. See TEX. WATER CODE ANN. § 49.236(a)(2)(D)-(F) (Vernon 2008). Pursuant to section 49.107(g), the Legislature has required STWA to utilize these separate procedures and calculations rather than those outlined in Tax Code sections 26.04, 26.05, and 26.07 in adopting its tax rate. *Page 4 
 SUMMARY
Pursuant to subsection 49.107(g) of the Water Code, the Legislature has prohibited the South Texas Water Authority from utilizing the procedures and calculations in sections 26.04,26.05, and 26.07 of the Tax Code to adopt its tax rate.
Very truly yours,
GREG ABBOTT Attorney General of Texas
ANDREW WEBER First Assistant Attorney General
JONATHAN K. FRELS Deputy Attorney General for Legal Counsel
NANCY S. FULLER Chair, Opinion Committee Virginia K. Hoelscher Assistant Attorney General, Opinion Committee
[1] Request Letter at 2 {available at
http://www.texasattorneygeneral.gov).
[2] Section 26.04 provides a method for governing bodies to calculate the effective tax rate and publish that rate to property owners within the taxing unit. TEX. TAX CODE ANN. § 26.04(c)-(e) (Vernon 2008). Section 26.05 outlines the procedures for governing bodies to adopt a tax rate each year and outlines notice requirements before that adoption takes place. Id. § 26.05 (Vernon Supp. 2009). Section 26.07 authorizes the qualified voters of a taxing unit to petition for an election to reduce the tax rate if the adopted rate exceeds the rollback rate calculated under section 26.04. Id. § 26.07 (Vernon 2008). The Water Code establishes a separate set of calculations and procedures for water districts subject to chapter 49 to utilize in adopting a proposed tax rate, and those procedures differ from the procedures set out in sections26.04, 26.05, and 26.07 of the Tax Code. See TEX. WATER CODE ANN. §§49.107(b)-(d) (Vernon 2008) (requiring a district's operation and maintenance tax be approved by voters); 49.236 (outlining the notice requirements for a district before it adopts a tax rate); compare TEX. TAX CODE ANN. §§ 26.04 (Vernon 2008), 26.05 (Vernon Supp. 2009), 26.07 (Vernon 2008).
[3] The Texas Comptroller of Public Accounts has similarly interpreted subsection 49.107(g) to prohibit authorities such as the STWA from using Tax Code sections 26.04,26.05, and 26.07 to calculate an effective rate, adopt a tax rate, and have a rollback election. See Truth-in-Taxation: AGuide for Setting Tax Rates for Taxing Units Other Than School Districts, TEX. COMPTROLLER OF PUBLIC ACCOUNTS (available at
http://www.window.state.tx.us/taxinfo/proptax/tnt09/) ("The taxing units to which Tax Code Sections 26.04,26.05, and 26.07 do not apply are defined in Water Code Section 49.001 and include any district or authority created by . . . Section 59, Article XVI, Texas Constitution."). *Page 1